IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff/Respondent,

v.                                                                                      No. CIV 08-0942 RB/LAM
                                                                                         No. CR 05-0144 RB

JERRY WAYNE TRAXLER,

        Defendant/Movant.

## ORDER ADOPTING MAGISTRATE JUDGE'S
## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on the Magistrate Judge's *Proposed Findings and Recommended Disposition (Doc. 29)*[1] (hereinafter "**PF&RD**"), filed on September 16, 2009. On November 4, 2010, Mr. Traxler filed *Petitioner's Written Objections to the Magistrate[']s Report and Recommendation Pursuant to 28 U[.]S[.]C[.] §[]636(b)(1) (Doc. 41)*, and *Traxler's Sworn Affidavit in Support of His Request for Relief Under 28 U[.]S[.]C[.] §[]2255 (Doc. 42)*.[2] The Government did not file any objections to the **PF&RD** nor did they respond to Mr. Traxler's objections, and the deadlines for doing so have passed. The Court has conducted a *de novo* review of those portions of the **PF&RD** to which Mr. Traxler objects and finds that his objections are without merit. Accordingly, the Court has determined that it will: (1) overrule the objections;

---

    [1]Unless otherwise noted, all referenced documents are from Case No. CIV-08-0942.

    [2]On October 6, 2010, upon Mr. Traxler's motion [*Doc. 37*], an *Order Granting Motion to Set Aside Judgment (Doc. 38)* was entered, which allowed Mr. Traxler to file objections to the **PF&RD** due to Mr. Traxler stating that he had not received the **PF&RD** because he was in administrative segregation and had only recently learned that the **PF&RD** had been entered. [*Doc. 38* at 2, 9]. Mr. Traxler's objections were due November 1, 2010 (*see* [*Doc. 40*], extending the deadline for objections), and Mr. Traxler timely filed his objections by placing his objections in the prison mailing system on that date (*see Price v. Philpot, et al.*, 420 F.3d 1158, 1164 and n.4 (10th Cir. 2005) (objections to a magistrate judge's report and recommendations are timely filed if they are given to prison officials for mailing by the filing deadline)).

(2) adopt the *PF&RD*; (3) grant in part *Movant's Motion for Enlargement of Time* (Doc. 26) to file a reply; (4) deny the claims raised in Mr. Traxler's *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1)* and *Motion to Supplement 28 U.S.C. § 2255 That Movant Requested be Held in Abeyance (Doc. 12)*; (5) deny Mr. Traxler's *Motion for Evidentiary Hearing (Doc. 28)*; and (6) dismiss the case with prejudice.

Mr. Traxler states in his objections that the Court erred in its determination of his ineffective assistance of counsel claims 1, 3, 5 and 6 and in not holding an evidentiary hearing, and asks the Court to reconsider its decision not to allow Mr. Traxler to add additional arguments. [*Doc. 41* at 1]. Regarding Mr. Traxler's first claim, the Court rejects Mr. Traxler's objection to the Magistrate Judge's finding that Mr. Traxler's Sixth Amendment right to a speedy trial was not violated. Mr. Traxler contends that the Magistrate Judge erred by failing to consider the Speedy Trial Act and case law discussing the Speedy Trial Act in making the determination regarding Mr. Traxler's Sixth Amendment right to a speedy trial. [*Doc. 41* at 2-3]. In the *PF&RD*, the Magistrate Judge considered Mr. Traxler's claim that his counsel was ineffective for failing to move to dismiss based on a violation of Mr. Traxler's Sixth Amendment right to a speedy trial, and found that the eight months between Mr. Traxler's arrest and his trial was not presumptively prejudicial under existing case law setting forth the factors considered in constitutional speedy trial claims, so there was no violation of his Sixth Amendment right to a speedy trial. [*Doc. 29* at 5-7]. The Magistrate Judge noted that Mr. Traxler had not asserted a violation of his rights under the Speedy Trial Act. *Id.* n.5. Claims under the Speedy Trial Act are not the same as claims for violations of the Sixth Amendment right to a speedy trial. *See United States v. Toombs*, 574 F.3d 1262, 1274 (10th Cir. 2009) (explaining that courts have the discretion to dismiss a case with or without prejudice for violations of the Speedy Trial Act, but a successful Sixth Amendment speedy trial

claim requires dismissal with prejudice, and setting forth the separate analyses for these two types of claims at pp. 1268 and 1274); *United States v. Gomez*, 67 F.3d 1515, 1523 n.10 (10th Cir. 1995) ("[U]nder the law of this circuit, analysis of a Speedy Trial Act claim is separate from analysis of a Sixth Amendment violation.") (citation omitted).  In *Toombs*, both Speedy Trial Act and Sixth Amendment claims were raised, unlike here, where Defendant raised only the Sixth Amendment claim in his Section 2255 motion.  The Court finds that the Magistrate Judge correctly analyzed Mr. Traxler's claim that his counsel should have moved to dismiss based on a violation of his Sixth Amendment right to a speedy trial under the factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). [*Doc. 29* at 6-7].   To the extent Mr. Traxler is attempting to bring a new claim for ineffective assistance of counsel based on the Speedy Trial Act, this new theory has been waived.  *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citing *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996)).  Mr. Traxler's statement that the Speedy Trial Act and the Sixth Amendment claims are "so 'inextricably intertwined' that the two should be considered in tandem" [*Doc. 41* at 2], is not supported by the case he cites for this proposition, *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007), which does not contain any such language.  Instead, as explained above, these are two separate claims (one is a statutory right and one is a constitutional right), and Mr. Traxler did not raise both claims in his Section 2255 motion.  Mr. Traxler provides no other support for his claim that the two theories should be considered together and the Court finds none.  The Court, therefore, overrules Mr. Traxler's objection to his first claim.

    Next, Mr. Traxler objects to the Magistrate Judge's finding that Mr. Traxler's counsel was not ineffective for failing to request a buyer/seller jury instruction. [*Doc. 41* at 3-6].  Mr. Traxler

states that he adequately described that the buyer/seller jury instruction would be: "That evidence of a simple business transaction itself[] is insufficient to find that the party's [sic] 'agreed' to distribute drugs on a larger scale, or any scale at all." *Id.* at 4. Mr. Traxler cites to several Tenth Circuit cases which he claims prove the existence of such a jury instruction. *Id.* at 5. Mr. Traxler is correct that one of the cases he cites to explains that "proof of the existence of a buyer-seller relationship, without more, is inadequate to tie the buyer to a larger conspiracy" (*United States v. Fox*, 902 F.2d 1508, 1514 (10th Cir. 1990) (citation and internal quotation marks omitted)), and the other cases cited by Mr. Traxler support this holding (*see* [*Doc. 41* at 4]). However, none of the cases cited by Mr. Traxler state that a jury instruction specifically relating to the buyer/seller relationship is required. The Court's jury instructions covered the factors the jury had to find in order to convict Mr. Traxler of participating in a conspiracy to possess with the intent to distribute methamphetamine (*see* [*Document 82*, filed in Case No. 05-CR-0144, at 13 (Instruction No. 11)]), which complies with Tenth Circuit law. *See, e.g., United States v. Starnes*, 109 F.3d 648, 650-51 (10th Cir. 1997) (holding that the district court did not err in refusing to give a jury instruction on buyer/seller relationships for a conspiracy charge because the instructions as a whole "did not allow the jury to convict on a mere buyer-seller theory"). This instruction nearly mirrors the conspiracy jury instructions in *Fox*, which were upheld by the Tenth Circuit. *Compare* [*Doc. 82*, filed in Case No. 05-CR-0144, at 13, *with Fox*, 902 F.2d at 1517 and Appendix, Instruction 20. None of the cases cited by Mr. Traxler, contain any reference to a requirement for a buyer/seller jury instruction in conspiracy cases and, therefore, the Court agrees with the Magistrate Judge's finding that Mr. Traxler's counsel was not ineffective for failing to request a buyer/seller jury instruction. The Court, therefore, overrules Mr. Traxler's second objection.

Mr. Traxler's third objection is that the Magistrate Judge incorrectly found that his counsel was not ineffective for advising Mr. Traxler "to reject the plea offer and for failing to inform Mr. Traxler of how much time he faced if found guilty." [*Doc. 41* at 6].[3]  Mr. Traxler's counsel submitted a sworn statement that he told Mr. Traxler "that he had a difficult case to win" and "was looking at 'a lot of time,'" and that he went over the sentencing guidelines table with Mr. Traxler and they figured out the amount of time Mr. Traxler was facing. [*Doc. 20-2* at 2].  Mr. Traxler disputes these statements and contends that he did not take the plea offer from the government because his counsel advised him that he would win the case, and that Mr. Traxler would have taken the plea if he had known he stood a slim chance of winning and had known how much time he faced if he lost at trial. [*Doc. 41* at 6].  The Magistrate Judge found that because Mr. Traxler was aware of the plea offer and its terms, even if his counsel had stated that he would win the case and that statement induced Mr. Traxler to reject the plea, that was not sufficient to find ineffective assistance of counsel. [*Doc. 29* at 10].

The Court agrees with the Magistrate Judge regarding Mr. Traxler's third objection.  In his objections, Mr. Traxler cites to *Williams v. Jones*, 571 F.3d 1086 (10th Cir. 2009), to support his contention that because of his counsel's alleged erroneous advice, Mr. Traxler rejected the plea offer. [*Doc. 41* at 7].  The facts in *Williams*, however, are not the same as in this case.  In *Williams*, the defendant was charged with first degree murder and was offered a ten-year sentence in exchange for a guilty plea to second degree murder.  *See Williams*, 571 F.3d at 1088.  The defendant "wanted to accept the offer, but his attorney, believing that [the defendant] was innocent, threatened to

---

[3]The Court notes that Mr. Traxler's statement that he was offered a plea agreement for a ten-year sentence is not correct, since the plea offer states that the Government made no agreement regarding a specific sentence and that the Government only agreed to move for a reduction in Mr. Traxler's offense level. [*Doc. 20-4* at 2, 4].

withdraw from the case if the offer was accepted." *Id.* The Tenth Circuit found that the counsel's insistence that his client not accept the plea offer, and counsel's threat to withdraw if he did accept the offer, constituted a deficient performance. *Id.* at 1091; *see also id.* at 1096-97 (dissenting opinion) (explaining that counsel's behavior "usurped [the defendant's] right to decide how to plead to the charges against him").

Here, even assuming *arguendo* that Mr. Traxler's counsel told Mr. Traxler not to take the plea because he thought he would win the case, such a statement does not rise to the level of ineffective assistance of counsel. Mr. Traxler does not allege that his counsel threatened to withdraw from the case or that his counsel engaged in any sort of coercive behavior that left Mr. Traxler without the ability to make his own decision about his plea. Mr. Traxler's counsel's alleged statement that he would win his case is analogous to cases where the Tenth Circuit has held that it is not ineffective assistance of counsel for counsel to make erroneous predictions regarding sentence calculations. *See e.g., United States v. Guest*, No. 94-6091, 39 F.3d 1193, 1994 WL 602693, *2 (10th Cir. Nov. 4, 1994) (unpublished) ("[A] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance.") (citing *United States v. Estrada*, 849 F.2d 1304, 1307 (10th Cir. 1988) (holding that counsel's alleged promise that his client would not receive "much of a sentence" was not constitutionally deficient) (citation omitted)). Mr. Traxler's claim that his counsel was ineffective for allegedly advising him that he should not take the plea because he would win his case is, therefore, without merit.

In addition, the Court agrees with the Magistrate Judge that the record supports a finding that Mr. Traxler was aware of how much time he faced if found guilty. The record shows that Mr. Traxler was aware of the plea agreement, which states that the statutory range for Mr. Traxler's

charged offenses was ten years to life imprisonment. *See* [*Doc. 20-4* at 2]. Mr. Traxler does not dispute that he saw and read the plea agreement which included this information. The Court, therefore, rejects Mr. Traxler's claim that he was not aware of the time he faced if he lost at trial. For these reasons, the Court overrules Mr. Traxler's third objection.

The Court also rejects Mr. Traxler's fourth objection to the Magistrate Judge's finding that his counsel was not ineffective for failing to advise Mr. Traxler that he could plead guilty without a plea agreement. [*Doc. 41* at 8]. Mr. Traxler states that the Magistrate Judge's finding that Mr. Traxler did not show prejudice by this alleged deficient performance by his counsel was erroneous because the trial judge may have given Mr. Traxler a lesser sentence if he had pled guilty before the end of his trial. *Id.* Mr. Traxler's contention that he "would have saved the Court and the [t]ax [p]ayers countless dollars if he would have just changed his plea prior to closing arguments" [*Doc. 41* at 8], is without merit since by the time of closing arguments, the trial is over and the majority of the time and expense have already been incurred. Mr. Traxler's contention that "it is the normal practice of judges to impose lesser sentences when a defendant accepts respons[i]bility, even if it comes late in the proceedings, and even if it is not much of a departure" (*id.*), also fails because Mr. Traxler provides no support for this contention. As explained by the Magistrate Judge, any reduction in sentence is within the broad discretion of the Court and can be made only when "the defendant *clearly* demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct." [*Doc. 29* at 11] (quoting *United States v. Gassaway*, 81 F.3d 920, 922 (10th Cir. 1996) (emphasis in original)). In addition, the Tenth Circuit in *Gassaway* explains that commentary in the sentencing guidelines regarding the two-level reduction at issue in that case "states the two-level reduction is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of

7

guilt, is convicted, and only then admits guilt and expresses remorse." *Id.* (citation and internal quotation marks omitted). This refutes Mr. Traxler's contention that he would have received a lesser sentence if he had pled guilty at the conclusion of his trial. Based on the foregoing, Mr. Traxler's assumption that the trial judge would have given him a lesser sentence is conclusory without any basis in law or fact. The Court agrees that Mr. Traxler fails to show any prejudice from his counsel's allegedly ineffective performance in failing to advise Mr. Traxler that he could plead guilty without a plea agreement, and overrules this objection.

The Court also agrees with the Magistrate Judge's finding that an evidentiary hearing is unnecessary because, as explained in the **PF&RD** at 15-16, Mr. Traxler's claims can be resolved on the record. *See Anderson v. Attorney General of Kansas*, 425 F.3d 853, 860-61 (10th Cir. 2005) (explaining that the purpose of an evidentiary hearing is to resolve conflicting evidence, and that an evidentiary hearing is unnecessary when the record presents no evidence supporting the petitioner's claims). While Mr. Traxler claims that there are disputed facts regarding statements made by his counsel, there is no need to hold an evidentiary hearing because the record does not support Mr. Traxler's claims even assuming the truth of all of Mr. Traxler's statements. *See Young v. Sirmons*, 551 F.3d 942, 970 (10th Cir. 2008) ("[Defendant]'s allegations, even assuming them to be true, are insufficient to demonstrate prejudice under *Strickland*. Therefore, the district court was not required to hold a[n evidentiary] hearing.") (citation omitted).

Finally, the Court rejects Mr. Traxler's request to reconsider its decision denying Mr. Traxler's ***Motion for Leave to Amend in Relation Back of Otherwise Pursuant to Fed. R. Civ. P. 15(a)(2) and/or (c)(1)(B)*** *(Doc. 35)* and to allow him to amend his initial § 2255 motion. As explained thoroughly in the Court's ***Order Granting Motion to Set Aside Judgment*** *(Doc. 38)*,

Mr. Traxler is attempting to raise new claims that do not relate back to his original motion, and the Court finds Mr. Traxler's contentions in his objections unpersuasive.

## *Conclusion*

Upon careful *de novo* consideration of the record of this case, the **PF&RD**, ***Petitioner's Written Objections to the Magistrate[']s Report and Recommendation Pursuant to 28 U[.]S[.]C[.] §[]636(b)(1) (Doc. 41)***, and ***Traxler's Sworn Affidavit in Support of His Request for Relief Under 28 U[.]S[.]C[.] §[]2255 (Doc. 42)***, the Court finds that all of his objections are without merit. Therefore, the Court will overrule the objections, adopt the **PF&RD**, deny Mr. Traxler's ***Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody*** (*Doc. 1*), along with its supplement, ***Motion to Supplement 28 U.S.C. § 2255 That Movant Requested be Held in Abeyance*** (*Doc. 12*), as meritless, and enter a judgment dismissing this case with prejudice.

**IT IS THEREFORE ORDERED** that:

(1) ***Petitioner's Written Objections to the Magistrate[']s Report and Recommendation Pursuant to 28 U[.]S[.]C[.] §[]636(b)(1) (Doc. 41)*** are **OVERRULED**;

(2) The ***Proposed Findings and Recommended Disposition (Doc. 29)*** are **ADOPTED** by the Court;

(3) ***Movant's Motion for Enlargement of Time (Doc. 26)*** is **GRANTED IN PART** and **DENIED IN PART** as explained in the ***PF&RD (Doc. 29)***;

(4) The claims raised in Mr. Traxler's ***Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside, or Correct Sentence by a Prisoner in Federal Custody (Doc. 1)*** and ***Motion to Supplement 28 U.S.C. § 2255 That Movant Requested be Held in Abeyance (Doc. 12)*** are **DENIED**;

(5)   Mr. Traxler's *Motion for Evidentiary Hearing (Doc. 28)* is **DENIED**; and

(6)   This case be **DISMISSED WITH PREJUDICE** in a final judgment entered concurrently with this order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**